IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Samual Ramu,<br><br>Plaintiff,<br><br>v.<br><br>Bryan Stirling, *Former SCDC Director Et AL*; Lt Delt Delk; Lt Adams,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:26-cv-02336-SAC-TER<br><br>**OPINION AND ORDER** |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. ECF No. 17. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pre-trial proceedings. The Report recommends summarily dismissing Defendant Bryan Stirling ("Stirling") from this action.

**BACKGROUND**

Plaintiff, proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendants regarding alleged events that occurred at Broad River Correctional Institution. ECF No. 1. Specifically, Plaintiff alleges he was physically harmed when Defendant Lt Delt Dlek ("Delk") and Lt. Adams ("Adams") "slammed [him] off of [his] top bunk to the floor while [he] was asleep." *Id.* at 4-5. Plaintiff claims that as a result he has a pinched nerve in his spine. *Id.* at 4-6. For relief, Plaintiff seeks monetary damages and to have his "back fixed." *Id.* at 6.

On August 11, 2026, the Magistrate Judge issued a Report recommending Striling be dismissed. ECF No. 17. The Report also states that the Magistrate Judge separately entered an order authorizing the issuance and service of process on Delk and Adams. *See* ECF Nos. 17 at 4; ECF No. 30. The Report finds, however, that Plaintiff has alleged no substantive facts against

Stirling. ECF No. 17 at 4.

The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 5. Plaintiff has failed to file objections and the time to do so has lapsed.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. *Mathews v. Weber*, 423 U.S. 261, 271 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Id.* The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. *See* 28 U.S.C. § 636(b). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *Id.* In the absence of an objection, the Court will review the Report for clear error. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation modified)). Failure to timely file specific written objections to the Report will result in a waiver of the right to appeal from an Order from the Court based upon the Report. *See Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985); *see also United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007).

**ANALYSIS**

As discussed in detail in the Report, the Complaint contains no allegations indicating that Stirling was personally involved in the events giving rise to Plaintiff's claims and Plaintiff has not alleged any substantive facts as to Stirling. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir.

1985) ("In order for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." (citation modified)). Mere inclusion of their names in the caption of the Complaint or reference to their potentially supervisory positions is insufficient to state a plausible claim for relief under § 1983. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 397 (4th Cir. 1990); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974). Because Plaintiff does not plead Stirling was personally involved in the deprivation of his rights, the Court adopts the Report's analysis and recommended dismissal of Stirling.

## CONCLUSION

Considering the record in this case, the applicable law, and the Report, the Court finds no clear error and accepts the recommendation of the Magistrate Judge and incorporates the Report by reference. Accordingly, this action is **DISMISSED** against Stirling without prejudice and without issuance and service of process. The case shall proceed against Defendants Delk and Adams.

**IT IS SO ORDERED**.

United States District Judge

November 6, 2026
Florence, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.